UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| RICK HARRISON, et al., | CIVIL NO. 13-1680 (PJS/JSM) |
| Plaintiffs, | REPORT AND RECOMMENDATION |
| v. | |
| REPUBLIC OF SUDAN, | |
| Defendant. | |

JANIE S. MAYERON, United States Magistrate Judge

The above matter came before the undersigned United States Magistrate Judge to determine whether this case should be dismissed for lack of any activity. The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c).

**I.    BACKGROUND**

Plaintiffs had obtained a judgment against defendant in the District of Columbia in the amount of $314,705,896.00 ("Judgment"). See Docket No. 1, Ex. B. In a related action, this Court issued an order authorizing attachment of defendant's assets within this jurisdiction and authorized plaintiffs to enforce the judgment against defendant within this jurisdiction using post-judgment enforcement procedures. See Harrison v. Sudan, Misc. No. 13-39 (PJS/JSM), Order [Docket No. 4]. Plaintiffs then commenced this action by filing a Notice of Pending Action – 28 U.S.C. § 1605A(g) Lis Pendens in

this Court.[1]  [Docket No. 1].  The purpose of this action was to provide notice of the Judgment, which affects all property located in this judicial district owned by the defendant and numerous entities, agencies or instrumentalities of defendant, so as to allow plaintiffs to proceed to take over any assets located in the District.

More than a year has now passed since commencement of this proceeding, and no action has been taken except for a Stipulation for a Protective Order executed by plaintiffs and Wells Fargo, and submitted to this Court in August, 2013, and which this Court adopted a few days later.  See Docket Nos. 5, 6.  Accordingly, on August 8, 2014, this Court issued an Order directing plaintiffs by August 28, 2104, to: (1) notify defense counsel immediately that he or she is required to make an appearance or move for an extension of time to do so; (2) file an application for entry of default unless the required pleading is filed within 10 days; or (3) advise the Court in writing of any good cause to the contrary.[2]  [Docket No. 7].  The Order expressly informed plaintiffs that if they failed to comply with the Order, the Court would recommend dismissing the case for lack of prosecution.  Id.

On September 3, 2014, plaintiffs submitted a Response to the Court's Order of August 8, 2014.  [Docket No. 8].  In their Response, plaintiffs admitted that contrary to

---

[1]  The Docket identified this pleading as a "Complaint," but it is not a Complaint. This pleading is made up of the Notice of Pending Action, and attached to it are the Complaint filed in the District of Columbia, the March 30, 2012 Order & Judgment, in Case No. 1:10-cv-01689, and the decision and Order issued In re: Estate of Michael Heiser, et. al., v. Islamic Republic of Iran, et al., which approved the form of the Notice of Pending Action filed in this Court.

[2]  This is a standard order issued when no answer or other response has been filed in response to the filing of a complaint.  With hindsight, as the proceeding was not commenced by the filing of a complaint, the Court would have been better served by simply asking plaintiffs to provide a report on the status of their efforts to locate assets in this District.

the information they had received from the Office of Foreign Assets Control ("OFAC"), they had located no assets belonging to defendant in this District.  Id.  Plaintiffs did state that they were continuing their efforts to locate and execute upon assets belonging to defendant, and that they intended to re-subpoena the OFAC for any new assets that may have been blocked in this district over the past year.  Id.  In short, it is apparent to this Court that the matter was filed here erroneously or prematurely.  Therefore, this Court recommends that this matter be dismissed without prejudice.  In the event that plaintiffs discover assets located in this District belonging to defendant, or any entities, agencies or instrumentalities of defendant, plaintiffs may commence a new proceeding at that time.

## II.     RECOMMENDATION

For the reasons stated above, it is hereby RECOMMENDED that Plaintiffs' Complaint [Docket No. 1] be **DISMISSED WITHOUT PREJUDICE**.


Dated: September 9, 2014                              *Janie S. Mayeron*
                                                      JANIE S. MAYERON
                                                      United States Magistrate Judge


### NOTICE

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 23, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  A party may respond to the objecting party's brief within fourteen days after service thereof.  All briefs filed under this Rule shall be limited to 3500 words.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.